Dear Chief Presswood:
This office is in receipt of your request for an opinion of the Attorney General in regard to a review of disciplinary action to be taken against officers within the Police Department. You indicate it is your intention to establish in the written manual a policy that authorizes the board of aldermen to serve as a review board in regard to punitive action you conclude should be taken against officers in your department. You ask the following:
 1. Do you have the authority to establish this review panel for disciplinary action; and,
 2. Do you have the authority to require an officer to work a shift without pay as a punitive measure as opposed to giving the officer a day off without pay.
In answer to your first question we must conclude that whether or not this review board is in your written policy manual, under state law disciplinary action must be reviewed and approved by the mayor and board of aldermen. LSA-R.S. 33:423
provides in pertinent part as follows:
 A. * * * In those municipalities governed by the provisions of this Part, LSA-R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. (Emphasis added.)
In view of this provision this office stated in Attorney General Opinion No. 93-323 that recommendations may be submitted to the board of aldermen to affect disciplinary action, but only the board of aldermen has the authority to take disciplinary action against a police officer. It was noted therein that this conclusion was consistent with earlier opinions of this office, Attorney General Opinion Nos. 93-666, 90-237, 89-91, and 87-194.
In answer to your second question as to whether the Chief of Police has the authority to require an officer to work a shift without pay as opposed to suspension by giving the officer a day off without pay, we have to first preface the answer with the observation made herein above that any discipline is by recommendation to the governing authority.
This office has recognized that an officer may be suspended as a disciplinary measure, but further concluded the chief of police may discipline an officer by allowing him to work extra days in lieu of traditional suspension. Attorney General Opinion Nos. 80-1313, 79-607. In Attorney General Opinion No. 79-607 it was observed that the extra workdays may not violate any contractual provisions, deprive another officer of his normal hours or extend the officer's total work hours beyond the 40 hours per week maximum established by LSA-R.S. 33:2213. This latter provision must now be considered in light of 29 U.S.C. § 207
which governs hours for fire protection and law enforcement employees.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/BBR
Date Received: January 24, 1996
Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General